## Executors of Ackerman *ads.* C. A. Van Houten.

If a defendant neglects to plead his discharge, under the insolvent act, in an action for a debt contracted previous to his discharge, and suffers the regular time for pleading the same to elapse under a mistaken idea of the law, the court will not permit him afterwards to withdraw a *relicta* given by him at the Circuit in order to plead his discharge.

---

*Wm. Halsted*, on behalf of *W. Pennington*, attorney for Van Houten, moved for leave to withdraw the *relicta* which had been signed at the last Circuit in Essex, for the purpose of pleading the discharge of Van Houten, under the insolvent act, previous to the commencement of the suit; and read an affidavit of the defendant, stating, that subsequent to the contracting of the debt, for which the action was brought, and previous to the commencement of the suit, he took the benefit of the insolvent law of this state, and that he did not inform his attorney of that fact, (until after he had filed a plea of the general issue, and the cause had been noticed for trial and called at the circuit,) under a belief that it would be sufficient for him to produce his discharge before the Circuit Court in order to obtain the benefit of it.

*E. Vanarsdale, Jun.*, opposed the application upon the ground that it was too late in point of time; and cited 2 *N. Y. T. Rep.* 102; 1 *John. Ca.* 133; 18 *John.* 337.

.CH. JUSTICE.   We think this application too late.   The discharge was obtained before the commencement of the suit, and might have been pleaded, and probably would have been if not concealed, it would almost seem studiously from the attorney by the defendant who availed himself of another plea, which had no support and was relinquished at the Circuit.   Allowing to the affidavit its utmost force, the only reason given for the delay, is an ignorance of the law.

Application overruled.